THE STEAMBOAT "REVEILLE," Plaintiff in Error *vs.* D. LANDRETH, Defendant in Error.

In an action against a steamboat *by name*, under Chap. 86. Rev. Stat. of Minnesota, upon a contract of affreightment made without the jurisdiction of the State, and the breach complained of having also occurred without the limits of the State, *Held* that no action will lie in such cases under that Chapter, but that the remedy is against the owners of the boat, or persons contracting.

It seems that the provisions of said Chapter do not apply to contracts made without the limits of the State.

Quere—Whether the breach of such a contract within the jurisdiction of the State would confer jurisdiction under Chap. 86?

This was a Writ of Error to the District Court of Ramsey County.

The action was commenced in that Court by complaint under Chap. 86, Rev. Statutes, against the Steamboat Reveille by name.

The complaint set forth that on the 10th September, 1855, the Plaintiff shipped on board the Defendant at Saint Louis, a one horse power, directed to William A. Sterling, St. Paul,

with directions to the said Steamboat to collect the amount due to the plaintiff for the said one horse power, viz: the sum of $100, and account to the Plaintiff therefor, and the said Steamboat then and there, by R. O. S. Anderson, the clerk and agent thereof, contracted and agreed with the Plaintiff to transfer the said one horse power to its destination and to receive the said sum so due to the plaintiff thereupon and to account for the same to the Plaintiff. That the Defendant transported the horse power to its destination, and on the 6th day of Oct. 1856, received thereupon the sum of $100, for the Plaintiff, together with the freight for the transportation thereof, and had not paid the same to Plaintiff.

The owner of the Defendant appeared and demurred to this complaint; on the ground that it appeared that the contracts of affraightment set out in the complaint had been performed, and that the demand, to wit: the amount collected by the boat, is not a demand for which the boat could be made liable, under Chap. 86, Rev. Stat. Minnesota; and because the Court had no jurisdiction of the person of the Defendant, or subject of the action, inasmuch as the cause of action is not within any of the provisions of said Chapter.

The Court (Sherburne J.) overruled the demurrer, holding that the contract was within the provisions of Chap. 86, and that the boat was liable under the state of facts set out in the complaint.

Judgment was entered upon the Demurrer, and the Defendant reviews the proceedings by Writ of Error.

The following are the points and authorities of Counsel for Plaintiff in Error:

*First.* The contract alleged in the complaint is two fold—

1. To transport the property from St. Louis to St. Paul, and

2. To *collect* certain moneys for the Plaintiff, and *to account to him* for the same.

The complaint admits that the first part of it has been performed, that the property has been transported pursuant to the contract; so far then as the contract *relates to the transportation of the property*, it has not been broken.

Chapter 86 of the Revised Statutes, under which this action

was brought, does not make *the boat* liable for a breach of the contract of its officers to *collect and account for the money.* *Rev. Stat., p.* 437, 438.

*Second.* No breach of the contract is alleged : the contract of the Defendant as alleged in the complaint, is to receive the money "*and to account for the same to the Plaintiff.* "

The complaint then states that the Defendant received but *has not paid* the same, nor any part thereof, to the Plaintiff. A failure *to pay* is not a breach of a *contract to account.*

*Third.* No demand of payment, or of an accounting, is alleged. This would be necessary even in an action against the owners of the boat. *Ferris vs. Paris,* 10 *John. R.* 285; *Taylor vs. Bates,* 5 *Cow. R.* 376; *Rathburn vs. Ingalls,* 7 *Wen. R.* 320; *Cooley & Burys, vs. Betts,* 24 *Wen.* 230.

*Fourth.* The complaint shows upon its face that the contract was made beyond the limits of Minnesota. The whole act relating to actions against boats and vessels by name, (Chap. 86 of the Revised Statutes above referred to,) and every provision of it is limited to contracts *made within* the Territory (or State,) of Minnesota. *Harris and others vs. the Steamer Henrietta, decided in U. S. Dist. Court for Missouri, at March term,* 1856; 12 *Mo. R.*, 261, 412, 10 *do.* 583; 1 *Min. R.* 390.

The following are the points and authorities of Counsel for Defendant in Error :

*First.* The contract alleged in the complaint, is a contract of " affreightment, " and for the " transportation of property," such as is contemplated under Chapter 86 of the Revised Statutes of Minnesota, and upon which the boat is liable for a breach thereof. *Schooner Argyle vs. Worthington,* 17 *Ohio,* 460, *and cases there cited; Harrington vs. McShane,* 2 *Watts,* 443.

*Second.* The contract set up in the complaint is an entirety, and cannot be performed, in full, without paying out the money collected under the contract by the Plaintiff in Error; a failure to pay over the money is a breach of the contract of affreightment and for the transportation of property. *See above authority.*

*Third.* The demurrer of the Plaintiff in Error admits the *receipt* of the money, *a failure to pay it over* to the Defendant, and that the Plaintiff in Error *remains indebted* to the Defendant for the amount thereof. This is a breach of the contract, and if the Plaintiff in Error has accounted in any other manner for the money, it is matter of defence and should be set up by way of answer.

*Fourth.* The bringing of the suit is a sufficient demand.

*Fifth.* The contract alleged in the complaint, though *made* out of the State, was to be *performed* within the State limits, and as such the *remedy* upon such contract is governed by the law of the place where the contract was to be performed. *Story on Contracts, Sec.* 655, 656; *Parsons on Cont., Vol p. Dixon vs. Ramsey,* 1 *Cond. R. U. S.* 547, *and cases cited in note; Whitteman vs. Adams,* 2 *Cow.* 626; *Andrews vs. Herriott,* 4 *Cow.* 508; *Fanniry vs; Consequa,* 17 *Johns.* 571.

Authorities cited as to the question of Demand by Counsel for Defendant in Error:

1 *Chitty's Pleadings,* 330, *and note; Gould's Pleadings,* 178, 176; *Saunders on Peadings and Ev.,* 130.

BRISBIN & BIGELOW, Counsel for Plaintiff in Error.

HOLLINSHEAD & BECKER, Counsel for Defendant in Error.

*By the Court*—L. EMMETT, Ch. J. This is an action commenced under the provisions of Chap. 86 of the Revised Statutes, relating to " proceeding for the collection of demands against boats and vessels." The Chapter authorizes the institution of a suit against the boat or vessel by name, for certain demands which are enumerated in the first section, and declares that " every boat or vessel *used in navigating the waters* of this Territory (State) shall be liable " for such demands. The language here quoted is descriptive of the water-craft against which an action may be brought under the provisions of the Chapter, and the decision of the case depends upon the construction to be given to it. It is insisted on behalf of the Defendant that to render the boat liable, the contract, upon the breach of which the action is brought, must have been

made within the Territory, while on the other hand the Plaintiff contends that it is immaterial where the contract was made, so that the boat was within the Territory at the time of the commencement of the action, and then being used in navigating the waters thereof. Other questions are raised by the demurrer, but it will be sufficient to consider this alone. The Statutes of the State of Missouri contain the identical language above quoted from our own Statutes, and the Supreme Court of that State has repeatedly held that the provisions of their law did not apply to contracts made without the limits of that State. 10 *Missouri Rep.* 583 ; 12 *id.* 261 ; *id.* 412, and this construction was cited with approbation by the United States District Court for the State of Missouri at the March Term thereof, A. D. 1856.

The Supreme Court of the State of Ohio has given a similar construction to a Statute of that State, authorizing actions to be commenced against " steamboats and water-crafts *navigating the waters within or bordering upon* the State." 16 *Ohio* 91; *id.* 179; 17 *Ohio*, 125; and the late Supreme Court of the Territory of Minnesota in the case of *The Steamer Falls City vs. Kerr*, 1 *Min. Rep.* 390, gave the same construction to our own Statute, and held that it does not apply to contracts made without the limits of the Territory but that the remedy in such cases is against the owner or person contracting.

We can see no reason for disturbing this construction in a case like the one now under consideration, where not only the contract, but also the breach complained of, was without the jurisdiction of the Territory, and where every thing which by the terms of the contract was to be done within the limits of the Territory, was done and performed as stipulated.

We think the District Court erred in giving judgment for the Plaintiff on the demurrer, and for this error the judgment is reversed.